IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IMAGINARIUM, LLC, a Florida limited liability company,<br><br>       Plaintiff,<br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABELLA CASILLAS GUZMAN, Administrator, United States Small Business Administration,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00752-TS-DBP<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants U.S. Small Business Administration and Isabella Guzman, (collectively SBA), move the court for a stay of discovery pending a ruling on SBA's Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction.[1] The court will deny the motion.[2]

## BACKGROUND

This matter arises from SBA's actions in response to Imaginarium's application for an SBA grant under the Shuttered Venue Operators Grant ("SVOG") program 15 U.S.C. § 9009a. SVOG was established by the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, Pub. L. No. 116-260, § 324 (December 27, 2020), and amended by the American Rescue Plan Act, Pub. L. No. 117-2 (March 11, 2021). The SVOG program authorized eligible business entities to apply for grants to defray their business expenses. *See* Pl.'s Compl. (ECF No. 2.), ¶¶ 22–24. Imaginarium alleges that it applied for a SVOG award in April 2021. *Id*. ¶ 47.

---

[1] This matter is referred to the undersigned pursuant to 28 USC § 636(b)(1)(A) from Judge Ted Stewart. The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1(g).

[2] The court construes Defendants' Motion as a discovery dispute under DUCivR 37-1.

Initially the grant application was approved and Imaginarium received a Notice of Award for Imaginarium's signature. *Id*. ¶¶ 59–60. Imaginarium signed the Notice of Award and returned it to the SBA. *Id*. ¶ 61. Later that year on July 30, however, the SBA advised Imaginarium that "additional information and technical corrections are required to confirm your eligibility." *Id*. ¶ 62.

Plaintiff sought to clarify the needed information and corrections, yet failed to receive a response from the SBA. *Id.* at ¶P 63, 70-72. On August 14, the SBA notified Imaginarium that their SVOG application had been denied. Imaginarium administratively appealed that decision, but the SBA confirmed the denial. Plaintiff alleges it incurred business expenses in reliance on its understanding that the SVOG application had been approved. *Id.* ¶¶ 67-69, 79. Imaginarium brings claims for *inter alia*, breach of contract, promissory estoppel, arbitrary and capricious agency action, and declaratory relief.

On May 24, 2022, Defendants moved to dismiss this matter for lack of jurisdiction and also filed the instant motion seeking to stay discovery pending resolution of that motion. No response to the motion to dismiss has been filed and the deadline to do so has not yet passed. The discovery deadline is rapidly approaching as the parties initially agreed upon a deadline of July 11, 2022.

## DISCUSSION

SBA asserts this court lacks jurisdiction because "Congress has not waived the SBA's sovereign immunity from Imaginarium's contract claims in the First and Second Causes of Action of its Complaint." Mtn. p. 1. According to SBA, the proper venue for these claims is in the Court of Federal Claims under the Tucker Act. 28 U.S.C. § 1491(a)(1). And, Imaginarium will have the opportunity to conduct discover regarding the contract claims in that court. The

remaining claims allege violations of the Administrative Procedure Act (APA), and according to SBA, discovery is rarely permitted in APA cases.

In opposition, Imaginarium points to the history of this case and the delays it has endured in seeking SVOG funds. Moreover, in contrast to SBA, which makes no allegations that it will suffer any hardship or inequity if discovery continues, Imaginarium asserts it will suffer severe prejudice based on the continued delays in resolving this matter. This includes the growing possibility that funds under the SVOG program will be gone by the time this matter is resolved. Imaginarium cites to the standards for seeking a stay of discovery asserting SBA has failed to meet those standard.

District courts "have 'broad discretion' in deciding whether to issue a stay of discovery." *White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015) (citing *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994)). Because "the right to proceed in court should not be denied except under the most extreme circumstances," the movant seeking a stay "must make a strong showing of necessity[.]" *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quotation marks and citation omitted); *see also White Knuckle, IP, LLC*, 2015 WL 5022579, at *1 (same). Thus, "if even a fair possibility exists that the stay would damage another party," the movant "must demonstrate a clear case of hardship or inequity." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotation marks and citations omitted). The party seeking a stay therefore "generally faces a difficult burden." *White Knuckle*, 2015 WL 5022579, at *1 (quoting *SWEPI, LP v. Mora Cnty., N.M.*, Case No. CIV 14–0035 JB/SCY, 2014 WL 7474084, at *15 (D.N.M. Dec. 19, 2014)).

Applying these standards here, the court finds SBA has failed to make the requisite strong showing of necessity to justify the Motion to Stay. SBA offers little in the way for justification other than arguments asserting it will prevail on the Motion to Dismiss and Plaintiff will need to file this action elsewhere. The mere filing of a potentially dispositive motion based on jurisdictional grounds does not by itself provide a basis for the court to grant a stay of discovery. See *Fabara v. GoFit, LLC*, No. CIV 14-1146 JB/KK, 2015 WL 3544296, at *1 (D.N.M. May 13, 2015) (Fabara I) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction). As of now, it is at best uncertain that SBA's Motion will be successful. Moreover, SBA has not demonstrated a "clear case of hardship or inequity" if they were to engage in the discovery process.." *Ben Ezra*, 206 F.3d at 987. Rather, SBA asserts Imaginarium will have their day for discovery in the Court of Federal Claims. There is no reason to believe discovery here could also not be utilized in that forum should SBA's motion be granted.

In sum, SBA has failed to identify any "extreme circumstances" warranting the court to grant a stay of discovery. Accordingly, the court concludes SBA has not met its heavy burden of making a strong showing of necessity to grant its Motion. See *Classic Aviation Holdings LLC v. Harrower*, No. 220CV00824RJSJCB, 2021 WL 633587, at *3 (D. Utah Feb. 18, 2021) (concluding the defendants failed to make the requisite strong showing of necessity to justify a stay to discovery).

## CONCLUSION AND ORDER

For the foregoing reasons, SBA's Motion is DENIED.[3]

DATED this 6 June 2022.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] Imaginarium has filed a Short Form Motion to Compel Defendants' Discovery Responses. (ECF No. 21.) This order does not address that motion. Yet, this order does foreclose possible arguments by SBA that it need not comply with discovery obligations due to the filing of the pending Motion to Dismiss.