IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IMAGINARIUM, LLC, a Florida limited liability company,<br><br>                  Plaintiff,<br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABELLA CASILLAS GUZMAN, Administrator, United States Small Business Administration,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00752-TS-DBP<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Dustin B. Pead |

       This matter is before the court on Plaintiff's Motion for Short Form Discovery. (ECF No. 21.) Plaintiff seeks an order compelling Defendants to respond to Plaintiff's Interrogatories and Requests for Production of Documents that is attached to the motion. Plaintiff also seeks fees and reasonable expenses in bringing the motion. Defendants have now responded to the motion and there is no need for additional argument.[1] Based on the large volume of materials sought by Plaintiff and the agreement to extend the discovery deadlines in this case, the court will deny the motion without prejudice.

       As noted in a prior order, this matter arises from SBA's actions in response to Imaginarium's application for an SBA grant under the Shuttered Venue Operators Grant ("SVOG") program 15 U.S.C. § 9009a. On June 2, 2022, Plaintiff filed their motion to compel and receiving no response from Defendants, the court entered an order to show cause. (ECF No. 25.) Defendants subsequently filed a response and commendably, the parties reached an

---

[1] *See* DUCivR 7-1.

agreement to extend the discovery deadline that the court granted in an amended scheduling order. (ECF No. 28.)

The court does not restate Plaintiff's discovery requests here as they are attached as an exhibit to the motion. In passing, the court does note they do appear rather broad, which unfortunately is not that uncommon in modern civil litigation. In response to Plaintiff's motion, Defendants point to the requests and the time necessary to respond in producing such a large volume of documents. For example, there are "more than 13,000 pages of emails and email attachments", and requests for documents regarding "10 competing companies that promote events similar to Imaginarium's", which consists of thousands of more pages. Defendants have agreed to produce Imaginarium's application and file, but do question the relevance of the competing companies' documents and files. Yet, Defendants "have agreed to continue discussions with Imaginarium's counsel in an effort to reach an agreement on this issue." (ECF No. 32 p. 3.) Defendants assert that an order compelling production is unnecessary at this time given the large production of materials and that the parties are still working through that production.

While the court agrees that an order compelling production is unnecessary at this time given the requests and Defendants' efforts in seeking to comply, Defendants' failure in filing a timely response to the motion, without the court's intervention, does give the court cause for concern. A large document production does not negate the need to file a timely response to a motion to compel. In similar fashion, a request for thousands and thousands of documents along with an expectation that they should be produced quickly should be tempered by patience, or narrowing the discovery requests from the start to reduce such a production. In short, based on the facts before the court, the court will deny the motion without prejudice. *See Smash Tech.,*

*LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 451 ((D. Utah 2020) (finding circumstances making an award of costs and attorney's fees unjust).

    IT IS SO ORDERED.

    DATED this 13 July 2022.

                                            _____
                                            Dustin B. Pead
                                            United States Magistrate Judge