THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IMAGINARIUM LLC, a Florida limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABELLA CASILLAS GUZMAN, Administrator, United States Small Business Administration,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br><br>Case No. 2:21-CV-752-TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction. For the following reasons, the Court will grant Defendants' Motion.

I.  BACKGROUND

Unless stated otherwise, the following facts are taken from Plaintiff Imaginarium LLC's Complaint and are presumed true for the purposes of this Motion.

Plaintiff brings this action against Defendants United States Small Business Administration and its Administrator Isabella Guzman (collectively, "Defendants" or "the SBA"). Plaintiff is a live-event production company that operates and promotes out-of-state events.[1] In April 2021, Plaintiff applied for a grant under the Shuttered Venue Operators Grant

---

[1] Docket No. 2 ¶ 36.

("SVOG") program,[2] which was established during the COVID-19 pandemic to financially assist eligible live-entertainment businesses.[3] The SBA initially approved Plaintiff's grant application for $1,611,445.16 in July 2021, but then subsequently, in August 2021, declined it.[4] Plaintiff alleges that it incurred damages after expending funds before the program's deadline in reliance on the SBA's initial approval of its application. For example, believing the approved funds would be shortly disbursed, Plaintiff promoted and held comic conventions in Tampa Bay and Atlanta at the end of July and beginning of August.[5] Thereafter, Plaintiff filed this suit against Defendants bringing claims for breach of contract and promissory estoppel;[6] Plaintiff also raises claims under the Administrative Procedure Act ("APA") and seeks declaratory relief.[7] Now before the Court is Defendants' Motion to Dismiss, which argues that the Court lacks subject matter jurisdiction.[8]

## II.  LEGAL STANDARD

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.[9] A motion to dismiss under Rule 12(b)(1) can take one of two forms: (1) facial attacks "challeng[ing] the sufficiency of the complaint, requiring the district court to

---

[2] 15 U.S.C. § 9009a.

[3] Docket No. 2 ¶¶ 2–3.

[4] *Id.* ¶¶ 49, 59, 73.

[5] *Id.* ¶¶ 68–69.

[6] Id. ¶¶ 105–16.

[7] *Id.* ¶¶ 117–40.

[8] Docket No. 16.

[9] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

accept the allegations in the complaint as true," or (2) factual attacks, "challeng[ing] the facts upon which subject matter jurisdiction depends."[10] With factual attacks, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1)."[11] With facial attacks, the Court applies "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action."[12] Under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[13] Defendants' Motion is a facial attack on the Court's subject matter jurisdiction and alleges that Plaintiff's claims are barred by sovereign immunity.

### III. DISCUSSION

Generally, "the United States can be sued only to the extent that it has waived its immunity."[14] As a federal agency, the SBA has "a presumption of immunity from the present lawsuit."[15] Congress may waive sovereign immunity, but such waiver "cannot be implied" and "must be unequivocally expressed."[16]

---

[10] *Paper, Allied–Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

[11] *Id*.

[12] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[13] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[14] *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017) (quoting *United States v. Orleans*, 425 U.S. 807, 814 (1976)); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[15] *Robinson v. U. S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019) (citing *Meyer*, 510 U.S. at 475).

[16] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

Relevant here, is the SBA's enabling statute, 15 U.S.C. § 634(b)(1), which waives the SBA's sovereign immunity for certain claims as follows:

> In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may
>
> . . . sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property[.] (the "sue-and-be-sued clause").[17]

The SBA argues that the sue-and-be-sued clause exclusively waives the SBA's immunity for claims arising from the Administrator's performance of the "functions, powers, and duties vested in [her] *by this chapter*," specifically referring to Chapter 14A of Title 15 entitled "Aid to Small Business."[18] However, Plaintiff's breach of contract and promissory estoppel claims (the "contract claims") arise from the SBA's SVOG program in § 9009a, which is codified in Chapter 116 of Title 15, entitled "Coronavirus Economic Stabilization (Cares Act)."[19] Thus, the SBA argues that § 634(b)(1)'s waiver of immunity does not extend to Plaintiff's contract claims because they arise under a different chapter. In response, Plaintiff argues that the SBA's sue-and-be-sued clause waives immunity for actions arising from all "functions, powers, and duties"[20] necessary to manage the SBA and its programs, which includes the SVOG program.

---

[17] 15 U.S.C. § 634(b)(1).

[18] *See id.*; Docket No. 16 at 5.

[19] 15 U.S.C. § 9009a.

[20] *Id.* § 634(b)(1).

Although sue-and-be-sued clauses are "liberally construed,"[21] "it is not [the Court's] right to extend the waiver of sovereign immunity more broadly than has been directed by Congress."[22] The Supreme Court has stated that "the sole function of the courts is to enforce [the statute] according to its terms."[23] "It is a cardinal principle of statutory construction that a statute ought . . . to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."[24]

The plain language of § 634(b)(1) allows the SBA to sue-and-be sued when carrying out the powers of "this chapter." The Court construes "this chapter" as referring to Chapter 14A of Title 15.[25] Any alternative reading would render Congress's explicit reference to "this chapter" superfluous. Thus, § 634(b)(1)'s sue-and-be-sued clause does not waive the SBA's immunity for Plaintiff's breach of contract claims arising under § 9009a.

The statutory scheme of §§ 634(b)(1) and 9009a further supports this finding. The Supreme Court has stated that "[s]tatutory language 'cannot be construed in a vacuum. It is a

---

[21] *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); *see also Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 467 U.S. 512, 517–19 (1984); *Reconstruction Fin. Corp. v. J.G. Menihan Corp.*, 312 U.S. 81, 84–85 (1941); *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244–46 (1940).

[22] *United States v. Shaw*, 309 U.S. 495, 502 (1940).

[23] *Caminetti v. United States*, 242 U.S. 470, 485 (1917).

[24] *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)) (internal quotation marks omitted).

[25] *See, e.g.*, *United Am. Inc. v. N.B.C.-U.S.A. Hous., Inc. Twenty Seven*, 400 F. Supp. 2d 59, 62–66 (D. D.C. 2005) (finding that 12 U.S.C. § 1702's reference to "the chapter" in its "sue or be sued" clause did not extend to § 1701q when Congress enumerated specific subchapters of the chapter to which the "sue or be sued" clause extends to waive immunity for the United States Department of Housing and Urban Development); *May Dep't Stores Co. v. Smith*, 572 F.2d 1275, 1277–78 (8th Cir. 1978) (citing *DePaul Cmty. Health Ctr., Daughters of Charity v. Campbell*, 445 F. Supp. 484, 485 (E.D. Mo. 1977)) (affirming the district courts finding that "this chapter" in 38 U.S.C. § 1820(a)(1)'s "sue and be sued" clause explicitly refers to chapter 37).

5

fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'"[26]

Plaintiff argues that the broader statutory scheme of Chapter 14A vests the SBA with the power to support small businesses impacted by disasters, including programs created through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") like the Paycheck Protection Program ("PPP"), the Economic Injury Disaster Loan ("EIDL") program, and the SVOG program. However, the PPP is a loan program codified in Chapter 14A[27] whereas the EIDL program[28] and SVOG program are grant programs codified in Chapter 116.[29] The explicit inclusion of the PPP and exclusion of the EIDL program and SVOG program in Chapter 14A demonstrates that Congress knows how to express itself when it intends to waive sovereign immunity and when it does not. Had Congress wished to waive the SBA's sovereign immunity for causes of action arising under the SVOG program, it surely would have enacted that program under Chapter 14A like it did with the PPP.[30]

Based on the foregoing, § 634(b)(1)'s sue-and-be-sued clause does not extend an immunity waiver to Plaintiff's contract claims arising under § 9009a. And where, as here, the

---

[26] *Sturgeon v. Frost*, 577 U.S. 424, 438 (2016) (quoting *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012)).

[27] 15 U.S.C. § 636(a)(36); *see Pharaohs GC, Inc. v. U. S. Small Bus. Admin.*, 990 F.3d 217, 225 (2d Cir. 2021) (finding that a federal court has subject matter jurisdiction under 15 U.S.C. § 634(b)(1) for Plaintiff's claims arising under the PPP).

[28] The EILD disaster loan program (§ 636(b)) is codified in Chapter 14A whereas the EIDL grant program is codified in Chapter 116 (§ 9009b). This distinction further reveals that Congress intended to exclude claims arising under the EILD and SVOG grant programs from § 634(b)(1)'s sue-and-be-sued waiver of sovereign immunity.

[29] 15 U.S.C. §§ 9009, 9009a.

[30] *See Meyer*, 510 U.S. at 483; *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

Court finds that the "statutory language is unambiguous and the statutory scheme is coherent and consistent," the Court's inquiry ends.[31] Because the Court lacks jurisdiction over Plaintiff's contract claims, it will transfer those claims to the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), which waives the government's immunity exclusively in the Court of Federal Claims for claims arising from "any express or implied contract with the United States."[32]

The Court also lacks subject matter jurisdiction over Plaintiff's remaining claims under the APA. Section 704 of the APA waives sovereign immunity for challenges to agency action, but only when "there is no other adequate remedy in a court."[33] The Supreme Court has explained that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."[34]

Here, Plaintiff argues that its contract claims cannot provide an adequate alternative remedy to its equitable claims for promissory estoppel and the following requests for declaratory judgment:

- Imaginarium is eligible for initial, supplemental, and additional SVOG awards;
- the SBA shall consider Imaginarium's Application consistent with applicable law and the evidence before the SBA;
- the SBA shall provide Imaginarium the opportunity to apply for a supplemental award of SVOG funds;
- the SBA shall provide Imaginarium with a supplemental award consistent with other SVOG awardees, but no less than $841,690.14;

---

[31] *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002) (internal quotation marks and citation omitted).

[32] 28 U.S.C. § 1491(a)(1).

[33] 5 U.S.C. § 704.

[34] *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).

- the SBA shall provide Imaginarium with any other additional awards consistent with applicable law, the evidence before the SBA, and the additional awards recently made available and provided to other SVOG awardees; and
- the SBA shall provide Imaginarium an additional six (6) months to spend any funds remaining from any initial, supplemental, or other additional SVOG award to Imaginarium.[35]

First, the Court notes that despite Plaintiff's equitable claims, the crux of its Complaint concerns money damages arising from an alleged breach of contract with the SBA. Several appellate courts, including the Tenth Circuit, have held that such controversies are not within the jurisdiction of a federal district court. For example, the Tenth Circuit has stated that "[t]he mere characterization of what is ultimately a monetary claim as a suit for non-monetary relief cannot work to avoid the exclusive jurisdiction of the Claims Court."[36] For this reason, the Court finds that it does not have jurisdiction over Plaintiff's claims.

Additionally, the Court notes that some of Plaintiff's requests for declaratory judgment require the Court to order specific performance by the SBA of its alleged contractual obligations

---

[35] Docket No. 2 ¶ 140.

[36] *United States v. City of Kan. City, Kan.*, 761 F.2d 605, 608–09 (10th Cir. 1985); *see also Eagle-Picher Indus., Inc. v. United States*, 901 F.2d 1530, 1532 (10th Cir. 1990) ("A party may not circumvent the Claims Court's exclusive jurisdiction by framing a complaint in the district court as one seeking injunctive, declaratory or mandatory relief where the thrust of the suit is to obtain money from the United States.") (collecting cases) (internal quotation marks and citations omitted); *Kidwell v. Dep't of Army*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("[J]urisdiction under the Tucker Act cannot be avoided by . . . disguising a money claim as a claim requesting a form of equitable relief." (internal quotation marks and citation omitted)); *A.E. Finley & Assocs. v. United States*, 898 F.2d 1165, 1167 (6th Cir. 1990) ("[O]ne cannot circumvent exclusive jurisdiction in the Claims Court by suing simply for declaratory or injunctive relief in a case where such relief would be the equivalent of a judgment for money damages."); *Suburban Mortg. Assocs. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1124 (Fed. Cir. 2007) ("One consequence of the *Bowen* case has been to create a sort of cottage industry among lawyers attempting to craft suits, ultimately seeking money from the Government, as suits for declaratory or injunctive relief without mentioning the money.").

to Plaintiff—this is well beyond the Court's power.[37] "Federal courts do not have the power to order specific performance by the United States of its alleged contractual obligations."[38] The Court is unaware of any waiver of sovereign immunity by the United States as to such requests for relief. This is another reason the Court lacks jurisdiction specifically over Plaintiff's requests for declaratory judgment. Based on the foregoing, the Court will grant Defendants' Motion and transfer the case to the Court of Federal Claims.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction (Docket No. 16) is GRANTED. It is further

ORDERED that the Clerk of Court is to transfer this case to the Court of Federal Claims.

DATED this 1st day of August, 2022.

BY THE COURT

_____
Ted Stewart
United States District Judge

---

[37] *Sommer v. Fed. Aviation Admin.*, 25 F.3d 1058, 1994 WL 161345, at *3 (10th Cir. May 2, 1994) (unpublished table decision) (citing *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir. 1989)).

[38] *Coggeshall Dev. Corp.*, 884 F.2d at 3.